**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 00-CR-33-TCK ) |
| JOHN THOMAS FISHER, SR. | ) ) |
| Defendant. | ) |

**OPINION AND ORDER**

Before the Court is the United States' Motion to Dismiss or Transfer Defendant's Petition Under § 1651 As a Request For Authorization To File a Successive § 2255 Motion (Doc. 88).

**I.     Background**

On September 20, 2000, Defendant John Thomas Fisher, Sr. was found guilty by a jury of drug and firearm charges. Defendant was classified as a career offender under the Armed Career Criminal Act based on three qualifying crimes of violence, including an escape conviction in *United States v. Fisher*, 87-CR-952 (N.D. Ill. 1987). On February 7, 2001, this Court sentenced Defendant to a total of 330 months imprisonment, and the conviction was affirmed on appeal. *United States v. Fisher*, 33 F. App'x 933 (10th Cir. 2002). On October 6, 2003, Defendant filed a Motion to Vacate/Set Aside/Correct Sentence under 28 U.S.C. § 2255, which was denied.

On January 3, 2012, Defendant filed a motion styled "Petition to Correct Illegal Sentence Pursuant to 28 U.S.C. § 1651" ("Petition"), which is currently pending. Therein, Defendant argues that one of the predicate offenses used to classify him as a career offender was an escape conviction that no longer qualifies as a "crime of violence," pursuant to the U.S. Supreme Court's decision in *Chambers v. United States*, 555 U.S. 122 (2009). In his Petition, Defendant argues:

> The Court has original jurisdiction of this case pursuant to 18 U.S.C. § 3231, and jurisdiction under 28 U.S.C. § 1651, All Writs Act[,] to provide a remedy in

> furtherance of [its] original jurisdiction to correct [Defendant's] sentence based on the Supreme Court's intervening statutory interpretation in *Chambers v. United States*, 555 U.S. 122 (2009), that was previously unavailable to [Defendant] when he filed his direct appeal and his first collateral attack under 28 U.S.C. § 2255.

(§ 1651 Motion 1.) The Court ordered the United States to respond to the Petition. By the response deadline, the United States filed a motion to dismiss the Petition for lack of jurisdiction or to transfer the Petition pursuant to 28 U.S.C. § 1631.[1]

## II. Discussion

The Court concludes that: (1) 28 U.S.C. § 1651 does not provide a basis for relief, and the Petition is a second or successive § 2255 motion; (2) the Court lacks jurisdiction to hear the Petition, absent authorization from the Tenth Circuit; and (3) transfer of the Petition to the Tenth Circuit is not in the interest of justice.

First, 28 U.S.C. § 1651, known as the All Writs Act, does not provide Defendant with a remedy to challenge an allegedly illegal sentence in this case. The statute provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. However, the Tenth Circuit has stated that common law writs are not available methods of challenging an illegal sentence and that 28 U.S.C. § 2255 is the exclusive remedy for a challenge to an illegal sentence after a direct appeal has been denied. *See Thornbrugh v. United States*, 424 F. App'x 756, 759 (10th Cir. 2011) (rejecting prisoner's motion brought pursuant to § 1651 because § 2255 provided the exclusive remedy for challenging the allegedly illegal sentence)

---

[1] This statute provides: "Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed." 28 U.S.C. § 1631.

2

("[Defendant] cannot simply invoke an ancient writ, claim it is an independent basis for jurisdiction and not a § 2255 motion, and escape the statutory requirements established under the Antiterrorism and Effective Death Penalty Act (AEDPA)."); *see also Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) ("'The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255.'") (quoting district court decision with approval). The fact that Defendant has previously filed a § 2255 motion does not mean that § 2255 is an "inadequate or ineffective" remedy. *See Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010) ("[T]he remedy under § 2255 is not inadequate or ineffective merely because the statute greatly restricts second or successive motions."); *Thornbrugh*, 424 F. App'x at 759 ("The fact that he must surmount procedural hurdles to bring a successive § 2255 petition does not make the § 2255 remedy, itself, inadequate or ineffective."). Thus, 28 U.S.C. § 1651 does not provide Defendant with any remedy, and Defendant's Petition must be treated as a second § 2255 motion.

Second, the Court lacks jurisdiction over the motion because Defendant has not received authorization to file a second § 2255 motion from the Tenth Circuit Court of Appeals. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *In re Cline*, 531 F.3d 1249, 1251-52 (10th Cir. 2008) ("A district court does not have jurisdiction to address the merits of a second or successive § 2255 or 28 U.S.C. § 2254 claim until this court has granted the required authorization.").

Finally, the Court elects to dismiss the Petition rather than transfer it. "When a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization . . . , the district court may transfer the matter . . . if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." *Id.* at 1252. In

order to determine whether transfer is in the interests of justice, a court should consider "whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." *Id.* at 1251. When the motion "fails on its face to satisfy any of the authorization standards of § 2255(h)" and "there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion" by electing dismissal. *Id.*

The Petition fails on its face to satisfy any of the authorization standards of 28 U.S.C. § 2255(h) because it does not involve newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." The Tenth Circuit has explicitly stated that "*Chambers* is not a new rule of *constitutional* law that the Supreme Court has made retroactive" and that it would not grant authorization for filing a second § 2255 motion based upon a *Chambers* argument. *See Abernathy v. Wandes*, 713 F.3d 538, 542 n.3 (10th Cir. 2013) (noting, in its discussion of whether petitioner could assert a *Chambers* argument pursuant to 28 U.S.C. § 2241, that the petitioner's "application would not qualify under § 2255(h)"). Instead, *Chambers* is an intervening judicial interpretation of a statute, which is not a permissible grounds for authorizing a second § 2255 motion. *See id.* (explaining that § 2255(h)(2) does not "provide a remedy for second or successive § 2255 motions based on intervening judicial interpretations of statutes"); *see also United States v. Williams*, 363 F. App'x 576, 578 (10th Cir. 2010) (explaining that Supreme Court decisions that are "decided on statutory construction grounds" do not establish a "new rule of constitutional law" for purposes of § 2255(h)(2) and holding that district court did not abuse its discretion by dismissing, rather than transferring, a defendant's second § 2255 motion).

4

## IV. Conclusion

The United States' motion to dismiss (Doc. 88) is GRANTED. Defendant's Petition to Correct Illegal Sentence Pursuant to 28 U.S.C. § 1651 (Doc. 85) is DISMISSED for lack of jurisdiction. A separate judgment of dismissal will be entered.

**SO ORDERED** this 13th day of June, 2013.

**TERENCE KERN**
**United States District Judge**